# EXHIBIT B

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| LUZVIMINDA ZEMINA and ROBERT ZEMINA, individually and the marital community composed thereof,<br><br>Plaintiffs,<br>v.<br>WALMART INC., a for profit corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff Luzviminda Zemina and Robert Zemina, by and through their attorneys of record, Michael "Mac" Brown, Angela Foster, and Rebekah Young of Sears Injury Law, PLLC, and for her cause of action against Defendant Walmart, Inc., complains and alleges as follows.

## I. IDENTIFICATION OF PLAINTIFF

1.1 Plaintiff Luzviminda Zemina ("Plaintiff") was at all times relevant hereto a resident of Pierce County, Washington.

1.2 Plaintiff Robert Zemina ("Plaintiff Zemina") was at all times relevant hereto a resident of Pierce County, Washington and the lawful spouse of Plaintiff.

## II. IDENTIFICATION OF DEFENDANT

2.1 Defendant Walmart Inc. ("Walmart") is a Delaware for-profit corporation with


SEARS INJURY LAW, PLLC
929 East Main Avenue Ste 305A
Puyallup, Washington 98372
Telephone: (253) 286-7444

its principal office located at 702 SW 8th Street, Bentonville, Arkansas 72716. Walmart is registered to and does conduct business in Washington State. Walmart's registered agent in Washington is C T Corporation System located at 711 Capitol Way, Suite 204, Olympia, Washington 98501.

## III. JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

3.1 The incident that is the subject of this litigation occurred in Pierce County, Washington. Jurisdiction and venue are proper pursuant to RCW 4.12.020(3).

## IV. FACTUAL ALLEGATIONS

4.1 The incident giving rise to this action occurred on or about July 10, 2021.

4.2 The incident complained of took place within the interior premises of Walmart's store number #2403, located at or near 310 31st Ave SE, Puyallup, Pierce County, Washington 98374 ("Store #2403").

4.3 Walmart is a business engaged in retail sale of various products "[f]rom grocery and entertainment to sporting goods and crafts, [they] provide the deep assortment that [their] customers appreciate . . . ."[1] Walmart offers a range of food products in-store including fresh produce, vegetables, and fruits.

4.4 Walmart operates by stocking its products for sale throughout the store for customer self-service. As product inventory depletes throughout the day, additional inventory is brought out by employees to restock the retail shopping area during the ordinary course of business.

4.5 On the date of the incident, Walmart opened Store #2403 for business to the general public. Also on the date of the incident, Plaintiff was a business invitee of Walmart and a customer at Store #2403.

4.6 On that date, Plaintiff was grocery shopping at Store #2403. As Plaintiff walked through the produce section, she stepped on a vegetable leaf (or, in the alternative,

---

[1] https://corporate.walmart.com/about



SEARS INJURY LAW, PLLC
929 East Main Avenue Ste 305A
Puyallup, Washington 98372
Telephone: (253) 286-7444

some other organic material), which was on the floor in the produce area, causing her to immediately slip and fall to the ground. Due to the fall, Plaintiff struck her head, turned her ankle, and fell to the floor.

4.7 The vegetable leaf (or, in the alternative, some other organic material) created an unreasonably dangerous condition within the area of invitation.

4.8 There were no warning signs, cones, or other systems used to warn Plaintiff that the surface might be slippery or otherwise unsafe.

4.9 There were no anti-slip mats in the self-serve produce area where spills are likely, and moisture is used several times a day to keep the produce fresh.

4.10 Walmart, through its employees and/or agents, was aware or should have been aware of the unsafe condition present due to the fallen vegetable leaf (or, in the alternative, some other organic material).

4.11 The nature of Walmart's business and its methods of operation are such that the existence of the unsafe condition alleged herein is reasonably foreseeable.

4.12 Plaintiff suffered severe personal injuries due to her fall.

## V. CAUSE OF ACTION: NEGLIGENCE

5.1 Duty: On the date of Plaintiff's fall, the common areas of Store #2403, including the produce area where the fall occurred, were under the ownership, control, supervision, management, care, and maintenance of Walmart.

5.2 Walmart, through common law, statute, regulation, and/or ordinance owed Plaintiff a duty to keep the common areas of the premises, including the self-service produce area, in reasonably safe condition and maintained for the benefit of its invitees like Plaintiff, including but not limited to:

(a) Provide safe and adequate maintenance of the premises;

(b) Provide warnings regarding unsafe areas and hidden dangers;

(c) Have a system to provide warnings to invitees;

(d) Provide consistent walking surfaces within the store;



SEARS INJURY LAW, PLLC
929 East Main Avenue Ste 305A
Puyallup, Washington 98372
Telephone: (253) 286-7444

(e) Have policies and procedures in place to inspect and evaluate common areas for unsafe conditions and to remedy unsafe conditions;

(f) Discover unsafe conditions on the premises; and

(g) Ensure that common areas are safe in their design, layout, and maintenance to prevent slip and falls.

5.3 Breach: Walmart breached its duty as set forth in Paragraphs 4.1 through 5.2.

5.4 Proximate Cause: As a direct and proximate result of Walmart's breach of its duties to Plaintiff, Plaintiff suffered personal injuries.

5.5 No Contributory Negligence: Plaintiff's actions were reasonable, legal, and safe. As such, Plaintiff was not comparatively at fault or contributory negligent.

## VI. CAUSE OF ACTION: LOSS OF CONSORTIUM

6.1 Plaintiffs re-allege paragraphs 4.1 through 5.5 as though fully set forth herein.

6.2 As a direct and proximate result of the negligence of Defendants as set forth above, Plaintiff Zemina, as the husband of Plaintiff, has suffered and been deprived of his wife's full society, care, comfort, companionship, emotional support, love, assistance, and other benefits of their partnership.

## VII. DAMAGES

7.1 As a direct and proximate result of the negligence alleged herein, Plaintiff suffered severe physical injuries and Plaintiff is entitled to reasonable compensation.

7.2 As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred and may in the future incur medical expenses and other out-of-pocket expenses and Plaintiff is entitled to fair and reasonable compensation.

7.3 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and has continued to suffer physical pain and suffering, and Plaintiff is entitled to fair and reasonable compensation.

7.4 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered mental and emotional distress, loss of enjoyment of life, and permanency of



SEARS INJURY LAW, PLLC
929 East Main Avenue Ste 305A
Puyallup, Washington 98372
Telephone: (253) 286-7444

injury, and Plaintiff is entitled to fair and reasonable compensation.

7.5 As a direct and proximate result of the negligence alleged herein, Plaintiff suffered lost wages and impairment of her future earning capacity, and Plaintiff is entitled to fair and reasonable compensation.

7.6 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered loss and damages to personal property, and Plaintiff is entitled to fair and reasonable compensation.

7.7 Plaintiff is entitled to statutory attorney fees.

7.8 Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

7.9 As a direct and proximate result of Defendants' negligence alleged herein, Plaintiff Zemina has suffered the loss of the consortium of his wife and Plaintiff Zemina is entitled to fair and reasonable compensation.

7.10 Plaintiff is entitled to costs and disbursements herein.

## VIII. LIMITED WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

Pursuant to RCW 5.60.060(4)(b) and the provisions of the Uniform Health Care Information Act, RCW Chapter 70.02, Plaintiff hereby waives the physician/patient privilege only after 90 days, and insofar as necessary to place any and all alleged damages at issue at the time of trial, as might be required by any act or statute or case law interpreting said statutes or acts in the State of Washington. This limited waiver does not constitute a waiver of any of Plaintiff's constitutional or statutory rights and Defendant is not to contact any treating physician, past, present, or future, without first notifying counsel for Plaintiff, as required by and in compliance with the Uniform Health Care Information Act, so that they might bring the matter to the attention of the Court and secure appropriate relief to include limitations and restrictions upon any such Defendant's desire or intent to contact past or subsequent treating


SEARS INJURY LAW, PLLC
929 East Main Avenue Ste 305A
Puyallup, Washington 98372
Telephone: (253) 286-7444

physicians ex parte or otherwise. Plaintiff further states that *Loudon v. Mhyre*, 110 Wn.2d 675, 756 P.2d 138 (1988) and *Kime v. Niemann*, 64 Wn.2d 394, 391 P.2d 955 (1964), are the correct law governing waiver of physician-patient privilege in this state, and that the Uniform Health Care Information Act, RCW Chapter 70.02 sets forth the legal procedures required to secure a plaintiff's medical records and any related health care information.

## IX. REQUEST FOR RELIEF

Plaintiff prays for judgment over and against Defendant by way of money damages for all causes of action pled, and for all injuries and damages allowed, provided for and permitted by common law and statutory law of the United States and the State of Washington, in such amount as shall be determined by the finder of fact under the evidence presented at trial, together with such other damages, to include Plaintiff's costs and attorney's fees, pre- and post-judgment interest on all fixed and liquidated damages where appropriate (e.g. past wage loss and fixed medical expenses), and such other and further relief as the court might deem to be just and equitable under the circumstances of the case at the time of trial herein, or post-trial.

///

///

///

///

///



SEARS INJURY LAW, PLLC
929 East Main Avenue Ste 305A
Puyallup, Washington 98372
Telephone: (253) 286-7444

DATED: June 27, 2024

SEARS INJURY LAW, PLLC

By: ______________________________

Michael "Mac" Brown, WSBA No. 49722
Angela Foster, WSBA No. 52269
Rebekah Young, WSBA No. 55555
929 East Main Avenue Ste 305A
Puyallup, Washington 98372
Phone: (253) 566-5938
E-mail: mac@SearsInjuryLaw.com
angela@SearsInjuryLaw.com
bekah@SearsInjuryLaw.com

*Attorneys for Plaintiff Luzviminda Zemina and Robert Zemina*